UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VANESSE FORT, individually and as personal representative of the Estate of Eric K. Fort, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 3:00-cv-228 RM |
| JACOB NANCE, *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

Plaintiff filed this wrongful death action on April 13, 2000. Following two appeals to the Seventh Circuit, this matter is once again before this Court on Plaintiff's renewed motion to proceed against the surety and to enforce judgment by proceedings supplemental against Carolina Casualty Insurance Company as Garnishee Defendant. On May 13, 2005, this Court conducted an in-court hearing on Plaintiff's motion. Appearing for the Plaintiff was John Townsend III, while Laura Reed and Ronald Coleman appeared for Carolina Casualty Insurance Company. For the following reasons, Plaintiff's motion [Doc. No. 235] is **GRANTED IN PART** and **DENIED IN PART**.

**I.    RELEVANT BACKGROUND**

A quick glance at the docket sheet reveals the complicated nature of this case. The facts surrounding the history of this case are adequately set forth in the numerous orders that have previously been entered by the court and thus, will not be revisited. The facts most relevant to the motion now before this Court are as follows.

Plaintiff Vanesse Fort, individually and as representative of the Estate of Eric Fort, filed this action on April 13, 2000, alleging that multiple defendants were liable for the wrongful death of Eric Fort.  On January 10, 2001, Carolina Casualty Insurance Company ("CCIC"), as Defendant C.W. Keller Trucking Company's ("Keller") insurer, intervened in the wrongful death action and asserted a declaratory judgment action against Keller.  Pursuant to federal law, CCIC provided Keller with both an insurance policy and a MCS-90 endorsement.  The MCS-90 endorsement, which had policy limits of $1 million per accident, provided coverage to an injured member of the public in the event that Keller's insurance policy did not provide coverage.

This Court bifurcated the case, with liability issues being resolved before the issue of insurance coverage.  On August 28, 2001, Plaintiff dismissed her claims against most of the Defendants, leaving Keller as the sole remaining Defendant.  On September 21, 2001, a jury returned a verdict in favor of the Plaintiff and against Keller in the amount of $1,042,234.75.  Keller appealed the judgment on February 2, 2002.  On February 19, 2002, CCIC and Keller filed separate motions to stay the enforcement proceedings against Keller.  The court denied those motions on April 30, 2002, and directed CCIC and Keller to file a supersedeas bond in accordance with Fed. R. Civ. P. 62(d) if they wished to stay the enforcement proceedings.  In the April 30, 2002 order, the court also held that CCIC's insurance policy did not provide coverage for the accident.  However, the court held that CCIC owed Plaintiff coverage under the MCS-90.  Pursuant to the court's order, on May 22, 2002, CCIC posted a $1,070,000 supersedeas bond to stay the execution of judgment against Keller.  CCIC filed a notice of appeal on January 24, 2003.

On June 27, 2003, the Seventh Circuit affirmed the January 7, 2002 liability judgment against Keller. At that time, Plaintiff attempted to initiate proceedings to execute upon the supersedeas bond. However, due to CCIC's pending appeal, and because CCIC had posted the previous bond, the stay was extended until resolution of CCIC's appeal. On February 23, 2005, the Seventh Circuit affirmed the court's judgment against CCIC.

After what appeared to be a final resolution of all pending appeals, and nearly five years after Plaintiff initiated this claim, Plaintiff again filed a motion to proceed against the surety on March 4, 2005. In Plaintiff's motion, she requested that this Court order payment of the $1,070,000 supersedeas bond and order CCIC to pay the over $53,000 in interest and costs that remained unsatisfied after the payment of the bond. CCIC acknowledged its liability under the MCS-90 policy, but asserted that its liability was limited to the policy limits set forth in the MCS-90. This Court conducted an in-court hearing on Plaintiff's motion on May 13, 2005, and may rule on Plaintiff's motion pursuant to its referral order and 28 U.S.C. § 636(b)(3).

## II.   PLAINTIFF'S MOTION TO EXECUTE THE SUPERSEDEAS BOND

Pursuant to Fed. R. Civ. P. 62(d), CCIC posted a supersedeas bond in the amount of $1,070,000 to stay the execution of the initial judgment against Keller. The purpose of a supersedeas bond is to permit the plaintiff to collect its judgment after appeal without the necessity of proceedings supplemental or a protracted search for assets. Sheldon v. Munford, Inc., 128 F.R.D. 663, 665 (N.D. Ind. 1989). The bond operates to guarantee payment of the judgment in the event defendant's appeal is not successful. Id. Under Fed. R. Civ. P. 65.1, the surety's liability on the bond may be enforced on motion without the necessity of an independent action.

3

During the May 13, 2005 hearing, CCIC acknowledged that despite the MCS-90's $1 million policy limits, Plaintiff is entitled to receive the full amount of the supersedeas bond. Therefore, because there is no longer a conflict over the supersedeas bond, Plaintiff's motion as it relates to recovering the entire $1,070,000 supersedeas bond is **GRANTED**.  Plaintiff is entitled to recover the full amount of the supersedeas bond.

### III.  PLAINTIFF'S MOTION TO RECOVER INTERESTS AND COSTS IN EXCESS OF THE BOND

In addition to the supersedeas bond, Plaintiff contends that she should be allowed to proceed against CCIC for the interest and costs which are not fully satisfied by the bond. Plaintiff purposes two theories in an attempt to persuade this Court that CCIC is liable for the interest and costs.  First, Plaintiff asserts that as an endorsement to the insurance policy, the MCS-90 "revives" the insurance policy.  Second, Plaintiff contends that she is entitled to statutory interest because the court entered a separate judgment against CCIC.

#### A.    The MCS-90 does not Revive Provisions in the Insurance Policy

The insurance policy contained a provision that stated in addition to the limits of insurance, CCIC would pay for the insured "all costs taxed against the insured" and "all interest on the full amount of any judgment." (Pl. Mot. Exh. 1).  Plaintiff acknowledges that the insurance policy does not provide coverage, but asserts that since the MCS-90 is a valid endorsement to the insurance policy, the MCS-90 revives the insurance policy and all of its provisions.  Plaintiff contends that under Kentucky law, an insurance policy and its endorsement must be read together.  See Kemper Nat. Ins. Companies v. Heaven Hill Distilleries, Inc., 82 S.W.3d 869, 875 (KY. 2002).  Reading the two documents together, Plaintiff asserts that the provision in the insurance policy would require CCIC to pay the costs and accrued interest.

4

This Court does not dispute that normally insurance policies and their endorsements must be read together. However, the MCS-90 was not a typical endorsement that was voluntarily added to an insurance policy. Rather, the MCS-90 was an endorsement that CCIC was federally mandated to carry pursuant to 49 U.S.C. § 13906, and thus governed by federal law. Carolina Casualty Insurance Co. v. E.C. Trucking, et al., 396 F.3d 837, 841 (7th Cir. 2005). The MCS-90 provides coverage only when the insurance policy has excluded coverage. The court and the Seventh Circuit have already determined that the insurance policy in this case does not provide coverage. Although the MCS-90 endorsement steps in to provide coverage, there is no support in the federal statute or the federal regulations to suggest that the MCS-90 revives the insurance policy once a court determines that coverage does not exist under the insurance policy. See e.g. 42 U.S.C. § 13906 and 49 CFR § 387.15.

Consequently, because the MCS-90 is not a typical endorsement, but a federally mandated provision which is governed by federal law, the MCS-90 did not revive the costs and interests provision found in the insurance policy. Rather, consistent with the purpose for requiring the MCS-90, the MCS-90 provided alternative coverage for an injured member of the public. CCIC is not required to pay the interest and costs of this action pursuant to the provision in the insurance policy.[1]

---

[1] The MCS-90 endorsement contains a provision which states that "all terms, conditions, and limitations in the policy to which this endorsement is attached shall remain in full force and effect as binding between the insured and the company." Neither party addressed this provision or the implication it may have upon the provision in the insurance policy allowing for costs and interest. It appears that one could argue that this provision allows the terms of the insurance policy to remain. However, even if the MCS-90's provision would allow the terms of the insurance policy to remain effective, under the terms of the insurance policy, CCIC's duty to pay interest ends when it paid, offered to pay, or deposited in court the part of the judgment that was within the limits. Thus, when CCIC filed the supersedeas bond, which in effect was an offer to pay because Plaintiff was entitled to that money if the appeal was unsuccessful, CCIC's duty to pay the interest ceased because it had tendered in excess of the policy limits. Thus, regardless of the provision in the MCS-90, CCIC would not be liable for over $1 million once it had paid that money.

      B.    <u>CCIC is not Required to Pay Interest Pursuant to the Separate Judgment Entered Against It</u>

Plaintiff's second argument is that CCIC should be required to pay post judgment interest pursuant to 28 U.S.C. § 1961 because a separate money judgment was entered against it. 28 U.S.C. § 1961 states that "interest shall be allowed on any money judgment in a civil case in a district court." The purpose behind awarding post judgment interest is to "compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." <u>Kaiser Aluminum & Chemical Corp. v. Bonjorno</u>, 494 U.S. 827, 835-36 (1990).

CCIC asserts that since it filed a declaratory judgment action, a "money judgment" was not entered against it, and thus, statutory damages are not available. Declaratory judgment actions may be filed to have a judicial determination of an insurer's legal rights and obligations under an insurance policy. <u>See</u> <u>generally</u> <u>Hyatt Inter. Corp. v. Coco</u>, 302 F.3d 707, 711 (7th Cir. 2002). While some declaratory judgment actions do not actually seek money damages, courts have the authority to fully adjudicate the rights of all parties before it. <u>Illinois Physicians Union v. Miller</u>, 675 F.2d 151, 158 (7th Cir. 1982). Thus, courts may grant monetary relief in declaratory judgment proceedings, even without a specific request to do so. <u>Id.</u> (stating that a district court had the power to order a party to pay a recoupment fee because the court was merely awarding monetary damages).

On April 30, 2002, the court, in its analysis, stated "Carolina Casualty owes Mrs. Fort the proceeds of the MCS-90 endorsement." (Doc. No. 190, pg. 13). The court ultimately held that "Carolina Casualty...owes Mrs. Fort coverage under its MCS-90 endorsement." (Doc. No. 190, pg. 16). Furthermore, in directing the Clerk to enter final judgment in this case, the court stated

that "Carolina Casualty is liable to Ms. Fort...under the MCS-90...." (Doc. No. 209).  After reviewing the court's orders, this Court concludes that the court never rendered a money judgment against CCIC which would trigger the imposition of statutory fees because, unlike <u>Illinois Physicians</u>, it never ordered CCIC to pay the policy proceeds.  Rather than ordering CCIC to pay the policy proceeds, the court merely determined, as is common in declaratory judgment actions, that the MCS-90 endorsement provided coverage to Plaintiff even though the insurance policy did not.

However, even if the court's coverage determination was a separate monetary judgment, CCIC's liability is restricted to the limits expressed in the MCS-90.  The explicit terms of the MCS-90 state that "this insurance is primary and the company shall not be liable for amounts in excess of $1,000,000 for each accident."  (Pl. Reply Exh. 4).  Furthermore, 42 U.S.C. § 13906 states that "the security must be sufficient to pay, **not more than** the amount of the security..." (emphasis added).  Congress' main purpose was to insure that injured members of the public would not be left without any recourse against an interstate carrier whose insurance policy excluded coverage for an accident.  <u>See generally</u> <u>Carolina Casualty</u>, 396 F.3d at 841.  The language in 42 U.S.C. § 13906 does not suggest that Congress intended to expose interstate carriers' insurance companies to unlimited liability, but rather limit their liability to the amount of the security.

CCIC has complied with both the terms of the MCS-90 and 42 U.S.C. § 13906 by agreeing to pay the $1,070,000 supersedeas bond that was originally posted to cover the judgment against Keller.  This amount is $70,000 above the policy limits.  While this Court sympathizes with Plaintiff's plight in that the initial jury verdict was entered over three years

7

ago, and that Plaintiff has been forced to forgo her enforcement proceedings pending the lengthy appeals, requiring CCIC to pay in excess of its policy limits is directly contrary to the terms of the MCS-90 and 42 U.S.C. § 13906 which require CCIC to pay an amount not more than the MCS-90's limits.  Even if there was a money judgment, Plaintiff has cited no case law suggesting that CCIC should be required to pay interest on a judgment when CCIC is prepared to pay in excess of its policy limits.  While 28 U.S.C. § 1961 may impose mandatory interest, CCIC can not be forced to pay interest once it has exhausted the proceeds under the policy.  Plaintiff must pursue other alternatives to collect on any unsatisfied judgment.  Therefore, Plaintiff's motion as it relates to requiring CCIC to pay interest is **DENIED**.

        C.      <u>CCIC is Liable for the Appellate Costs Imposed by the Seventh Circuit</u>

While CCIC is not responsible for paying interest in excess of the MCS-90's policy limits, on February 22, 2005, the Seventh Circuit imposed costs in the amount of $382.00 on CCIC directly for its appeal.  Although this Court has determined that CCIC is not required to pay the accrued interest, the Seventh Circuit specifically ordered CCIC to pay the appellate costs.  Therefore, in accordance with the Seventh Circuit's mandate, CCIC is ordered to pay $382.00 in appellate costs.

**IV.**    **CONCLUSION**

For the aforementioned reasons, Plaintiff's renewed motion to proceed against the surety and to enforce the judgment against CCIC [Doc. No. 235] is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, Plaintiff's motion as it relates to the supersedeas bond is granted.  Plaintiff is entitled to recover upon the full amount of the $1,070,000 supersedeas bond.  As the MCS-90's policy limits are $1 million, CCIC is not liable for post judgment interest

8

which exceeds the policy limits.  CCIC is however, responsible for paying $382.00 in appellate costs imposed by the Seventh Circuit.

**SO ORDERED.**

Dated this 25th Day of May, 2005.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge